Louis L. Friedman, J.
In this article 78 proceeding, petitioners ask for an order directing the respondent, who is the clerk of the Second District Municipal Court, Brooklyn, New York, to enter a judgment in said Municipal Court, in an action there pending and to include in said judgment a decree against one Morris Mirsky.
Originally, on December 10, 1955, one Florence Mirsky, wife of the said Morris Mirsky, commenced an action in the Small Claims Part of the Municipal Court against the petitioners herein, to recover the sum of $100, representing a deposit on a rug. Petitioners served an answer to said complaint and in said answer they asserted a counterclaim not only against the said Florence Mirsky but also against her husband, Morris Mir-sky. Since Morris Mirsky was not a party to the original action, a summons was annexed to the answer and counterclaim, and those papers were served upon him personally, it is alleged, on December 22,1955. However, no affidavit of service of the said summons or the answer and counterclaim on Morris Mirsky was filed, as required by subdivision 3 of section 22 of the New York *900 City Municipal Court Code, until about a year and one-half thereafter, to wit, on March 15, 1957. The husband did not appear nor did he answer the counterclaim, and in the meanwhile the action proceeded to trial and the Municipal Court awarded judgment in favor of Mrs. Mirsky in the sum of $50 and dismissed the counterclaim against her. Nowhere in the decision was any reference ever made with respect to the counterclaim interposed against the husband. On June 14,1956, the petitioners herein served a notice of appeal from the judgment against them and from the dismissal of the counterclaim, but nowhere in said notice of appeal did they mention the name of Morris Mirsky; nor is there any proof in the papers that he was ever served with a copy of the notice of appeal. As a matter of fact, nowhere in the title of the action as set forth in the said notice of appeal does the name of Morris Mirsky appear, nor does it appear anywhere in said appeal, either directly or indirectly, that the said Morris Mirsky was ever a party thereto. On February 27,1957, the Appellate Term of this court reversed the judgment of the Municipal Court upon the law and facts and directed judgment in favor of the petitioners herein “ dismissing the complaint on the merits and on the counterclaim for the sum of $70.00, with appropriate costs in the court below.” A copy of the order of reversal, which is part of the Municipal Court file, nowhere contains the name of Morris Mirsky, either in the title of the action or in the body of the order. Following the entry of said order of reversal which is dated February 27, 1957, and on March 15, 1957, petitioners for the first time filed with the clerk of the Municipal Court the affidavit of service on Morris Mirsky.
Except for the fact that the name of Morris Mirsky was mentioned in the counterclaim filed by petitioners in their answer in the Municipal Court action, up to said date of March 15, 1957, which as heretofore stated was following the order of reversal handed down by the Appellate Term, there was nothing before the court to even indicate that the said Morris Mirsky was a party to the Municipal Court action by virtue of his having been served with the summons issued on behalf of the petitioners. Upon filing said affidavit of service on the afore-mentioned late date, the petitioners then demanded that the clerk of the Municipal Court enter judgment in the amount directed by the said Appellate Term, and that such judgment be entered not only against the said Florence Mirsky, whose name appears in the said order of reversal, but also against the- said Morris Mirsky. The clerk of the Municipal Court has indicated his willingness to enter the judgment against Florence *901 Mirsky, but refuses to enter such judgment against the said Morris Mirsky, and petitioners have now applied to this court for an order compelling the said clerk to enter the judgment against the said husband as well as the wife.
It is apparent from all of the foregoing and from the papers before this court, including the original Municipal Court file, that the order of the Appellate Term did not in any manner affect the status of Morris Mirsky. No judgment in the Municipal Court had ever been awarded to him; no appeal was taken from any judgment entered in his behalf; he was never made a party to the appeal, nor was a copy of the notice of appeal ever served upon him; and the order of reversal makes no reference to him. It follows that the clerk of the Municipal Court was justified in refusing to enter judgment against the said Morris Mirsky and in his (the said clerk’s) contention that the petitioners herein are entitled to enter judgment only as against Florence Mirsky.
The petition is, therefore, dismissed.